SAMUEL H. ANDREWS *v.* LENA KRAMER ET AL.

CHECKS. *Indorsement. Guaranty.*

> One who negotiates a check guarantees the title thereto, and is liable to the person to whom he passes the same for a breach of the guaranty.

FROM the circuit court of Clarke county.

HON. THADDEUS A. WOOD, Judge.

Andrews, the appellant, was the plaintiff in the court below; the appellees were defendants there. The opinion of the court fully states the facts.

*D. W. Heidelberg,* and *Buckley & Halsell,* for appellant.

Bills of exchange are personal property. Under the statute they are as much the subject of larceny as chattels. A person who sells them knowing that he is not the owner, and is without authority to do so, as much warrants the title as he would any other article of personal property. *Merriam* v. *Walcott,* 80 Am. Dec., 69, and note on pp. 71, 72; *Hudspeth* v. *Wilson,* 21 Am. Dec., 344; *Frontier Bank* v. *Morse,* 38 Am. Dec., 284; *Lobdell* v. *Baker,* 35 Am. Dec., 358; *Laborde* v. *Consolidated Ass'n.,* 39 Am. Dec., 517; *Keeler* v. *Fossett,* 52 Am. Dec., 71; *Lowremore* v. *Berry,* 54 Am. Dec., 188; *Ellis* v. *Ohio L. I. & T. Co.,* 64 Am. Dec., 610; *Ryan* v. *Copes,* 73 Am. Dec., 106; *Robbins* v. *Packard,* 76 Am. Dec., 134; *Davis* v. *Funk,* 80 Am. Dec., 519; *Newton* v. *Porter,* 25 Am. Reports, 152; *Colson* v. *Arnot,* 15 Am. Reports, 496.

*W. T. Houston,* for appellees.

The action was for money paid out in satisfaction of a judgment for $173.28 and costs. The account sued on makes no reference to checks.

Summons to answer this action on the judgment issued on the same day. Afterwards, on December 15, 1897, a so called declaration was filed seeking to recover money paid out in satisfaction of said judgment; this was filed without leave, and so far as appears was not afterwards noticed; attached to this declaration were copies of checks on which said judgment was, as alleged, grounded, but in several particulars variant from those offered in evidence.

Appellees insist that as the action was on the judgment under a title derived from H. H. Kramer, and as the judgment was properly excluded, and H. H. Kramer shown to have had no title, appellant could not, without amending his pleadings or account sued on, recover in this action.

The so called declaration is unknown to our practice in a justice court, was filed out of time without leave, and formed no part of the case; besides it did not change the character of the claim sued on.

H. H. Kramer had no title. 2 Daniel on Negotiable Instruments, sec. 1663, and secs. 1474 and 1582; 1 Kernan (11 N. Y.), 405; 73 N. Y., s.c. 7 Am. Rep., 315; 42 N. E. Rep., 702, 703; 117 Pa., 101, 102, 103; 94 U. S., 343; 10 Wall., 156; 35 N. J. L., 400.

Again, appellant cannot recover on the implied warranty of the checks even if the action had been grounded on this cause of action, because they were honored by the drawee, and the drawer has acquiesced therein. Appellant suffered no damage. Nor is there any evidence of failure of title. Possession by appellees raised presumption of title in them, or rather in Mrs. Lena Kramer. Then, too, the checks were properly excluded, because of the variance. Those offered in evidence did not accurately correspond with the copies, or what purported to be copies, filed with the socalled declaration.

The pleading and proof must correspond. There was in no event any liability on H. B. Kramer, or any implied warranty of title to said checks, as he acted only as agent for his mother,

Mrs. Lena Kramer, and this was known to appellant. 11 Am.
St. Rep., 614 *et seq.*

Argued orally by *Frank Johnston,* for appellant, and *W. T.
Houston,* for appellees.

TERRAL, J., delivered the opinion of the court.

S. H. Andrews sued Lena Kramer and Herman B. Kramer
in the sum of $173.28 for money had and received by the de-
fendants to and for the use of the plaintiff. It appeared from
the evidence that one of the defendants, at the instance of the
other, indorsed and sold to Andrews two checks aggregating
$173.28, drawn at Boston, Mass., by H. W. Wadleigh on the
North National Bank, and payable to the order of H. H.
Kramer; these two checks were cashed by Andrews for the de-
fendant, H. B. Kramer, who presented them for that purpose
at the instance of the other defendant, Mrs. Lena Kramer, and
when Andrews cashed said checks, said H. B. Kramer indorsed
the name of H. H. Kramer thereon and delivered them to
Andrews. Afterwards H. H. Kramer claimed these checks to
have been his property, and sued Andrews for appropriating
them to his use, and obtained a judgment of recovery therefor.
Thereupon Andrews paid H. H. Kramer the value of the
checks, and brought the present suit to recover of the defendants
the money he had paid them for said checks.

On the trial of the case in the circuit court the evidence of
H. H. Kramer and others disclosed the facts that the two checks
were drawn by H. W. Wadleigh, a Boston customer of H. H.
Kramer, who operated a tannery near Enterprise, Mississippi,
in payment of two shipments of leather made to Wadleigh by
H. H. Kramer; that these two checks came to the hands of the
defendants, H. B. and Lena Kramer, and that Andrews, for
accommodation, cashed the checks for H. B. Kramer at the in-
stance of Mrs. Lena Kramer, and that H. B. Kramer indorsed
the payee's name on said checks and delivered them so indorsed
to Andrews, and that the money paid by Andrews to H. B.

Kramer came to the hands of Mrs. Lena Kramer, who appropriated the same to her own use. Besides the evidence, the substance of which is above recited, the plaintiff offered a book, not identified, purporting to be the docket of H. R. Ward, a justice of the peace, containing a judgment for the sum of said checks and the proceedings leading thereto in favor of H. H. Kramer, and against S. H. Andrews. The evidence was heard by the court, but all of it was excluded from the jury, and they were instructed to find for the defendants.

The indorsement of the checks by H. B. Kramer, at the instance of Lena Kramer, was an undertaking by them to Andrews that they were authorized to indorse said checks; they thereby guaranteed or warranted to Andrews a title to the checks, and Andrews, in seeking to recover the money paid them on said checks, is merely calling on them to make good their guaranty.

The judgment proceedings before Justice Ward, between H. H. Kramer and S. H. Andrews, are as to the present defendants *res inter alios acta,* and apart from any evidence that the book was the official record of Justice Ward, were inadmissible in evidence, but the plaintiff had offered abundant evidence to go to the jury, and the exclusion of his evidence by the court was error.

*Reversed and remanded.*